UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MADY CHAN, et al.,

    Defendants.

CASE NO. CR. 96-350 WBS

ORDER RE: DEFENDANTS HUY CHI LUONG'S AND MADY CHAN'S MOTIONS TO DISMISS COUNTS 125, 126, and 130 (CRIMINAL FORFEITURE)

----oo0oo----

Defendant Huy Chi Luong moves the court to dismiss count 125 of the Indictment,[1] charging the criminal forfeiture of the property located at 8853 Dorington Court in Elk Grove, California, and to void the Lis Pendens Notice of Pending Action filed in connection with that property.  Defendant Mady Chan

---

[1] Although defendant's motion refers to the August 2, 1996 Indictment, a Superseding Indictment was returned by the grand jury on July 16, 1998.  The Superseding Indictment, however, still charges defendants with criminal forfeiture in the counts at issue here.

1

joins in this motion and moves to dismiss count 126, charging criminal forfeiture of the property at 8731 West Camden Drive in Elk Grove, California, and count 130, charging criminal forfeiture of the property at 2450 Rincon Avenue in Stockton, California.

I.  Factual Background

On August 2, 1996, the grand jury returned an indictment charging defendant Huy Chi Luong ("Luong") with money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(I) for withdrawing $5,000 in proceeds from racketeering activity from his bank account, and then using those funds to make a mortgage payment for the Dorington Court property. Luong contends that the Dorington Court property is owned by his parents, who purchased the property by taking out a loan in the amount of $125,000. (Def. Luong's Mot. to Dismiss Count 125 Ex. A at 5.)

In count 125, the indictment alleges that Luong's interest in the Dorington Court property was subject to criminal forfeiture and is vested in the United States pursuant to 18 U.S.C. § 982.[2] On September 23, 1996, the government placed a Lis Pendens Notice of pending action on the Dorington Court property. (Def. Luong's Mot. to Dismiss Count 125 Ex. A.)

Similarly, defendants Mady Chan ("Chan"), Bao Qin Chen, and Lizhen Chen (Mr. Chan's parents) are charged with money laundering in violation of 18 U.S.C. § 1956(h) in relation to the

---

[2] Under 18 U.S.C. § 982, "The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title [], shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."

West Camden Drive property. (July 16, 1998 Superseding Indictment (Counts 87-100).) They are charged with using $49,000 gained from unlawful activity as part of a down payment for the purchase of this property. (Id.) Consequently, in count 126, the United States claims a vested interest in the West Camden Drive property pursuant to 18 U.S.C. § 982.

Finally, in counts 115-120, the indictment alleges that Bao Qin Chen and Lizhen Chen obtained a mortgage for the Rincon Avenue property. The indictment also alleges that mortgage payments on this property were paid with checks from a Bank of America account, which was allegedly the depository of funds derived from a pattern of racketeering activity, as defined by 18 U.S.C. § 1961(1) & (5). Additionally, in count 130, the indictment alleges that the Rincon Avenue property "was involved in or is traceable to a violation of Title 18, United States Code, Sections 1956 and 1957."

With respect to count 125, Luong now contests that the mortgage payment was made out of proceeds from illegal activity. (Def. Luong's Mot. to Dismiss Count 125 at 5.) With respect to counts 126 and 130, Chan argues that "only a fraction of the homes' value [sic] may be attributable to tainted funds." (Def. Chan's Joinder in Huy Chi Luong's Mot. Dismiss Count 25 at 3.) This argument is premised on a dispute about the date of the purchase of the homes, the amount of allegedly tainted money that was used to pay off the mortgage, and "the appreciation of property in the region." (Id.)

II. Discussion

Under Federal Rule of Criminal Procedure 12(b)(3)(B), a

3

defendant may move to dismiss an indictment based on defects in the indictment, lack of jurisdiction, or failure to charge an offense.  The Ninth Circuit has held that "a motion to dismiss is generally 'capable of determination' before trial 'if it involves questions of law rather than fact.'"  United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993) (quoting United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986)); see also United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002).

     Criminal defendants may not use Rule 12(b) to challenge the sufficiency of the evidence supporting an indictment.  United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1995) (quoting United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975)).  "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence."  (Id.)  Furthermore, the court "should not consider evidence not appearing on the face of the indictment."  Id. (quoting United States v. Marra, 481 F.2d 1196, 1199-1200 (6th Cir. 1973)); accord, United States v. Alonso, 143 F.3d 772, 776-77 (2d Cir. 1998) ("Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.").

     By raising questions of fact, defendants here improperly seek to dismiss counts in the indictment based on evidence not appearing on the face of the indictment.  See United States v. Dote, 150 F. Supp. 2d 935, 943 (N.D. Ill. 2001) (explaining the amount of money subject to forfeiture is a matter

4

for the Government to prove and the jury to determine at trial--not an issue the court can resolve on a motion to dismiss a forfeiture allegation in the indictment).  First, Luong would have the court determine how much his parents knew about his alleged money laundering and other illegal activities when they accepted $5,000 from him to pay part of their mortgage.  (Def. Luong's Reply 1.)  Second, Luong contends that only $5,000 of the value of the home is alleged to be the proceeds of unlawful activity, and argues that "this charge on its face does not permit the government to forfeit the house."  (Id. at 5.)

Likewise, defendant Chan disputes the amount of allegedly tainted money that was paid towards the mortgage of the West Camden Drive property.  (Def. Chan's Joinder in Mot. 2.)  He also disputes when the Rincon Avenue property was acquired.  (Id. at 3.)  Finally, Chan would like the court to determine the fraction of the total value of both properties that the funds from money laundering schemes constitute, given the appreciation of homes in the region.  (Id.)

Some of these factual questions posed by defendants clearly do not support dismissal.  For instance, the substantive law of forfeiture only permits bona fide purchasers for value to avoid forfeiture, and not merely innocent parties.  See United States v. Hooper, 229 F.3d 818, 823 (9th Cir. 2000) ("Both civil and criminal forfeiture statutes are now consistent in denying relief to transferees of proceeds of crime causing forfeiture, unless those transferees are bona fide purchasers for value without notice.").  Therefore, even if Luong's parents did not

5

know about his alleged money laundering activity, they may not be considered bona fide purchasers for value.

More significantly, determining Luong's parents' state of mind with regard to their son's alleged criminal activity is a factual question, as are all of the questions raised by Chan. Such questions should not be determined by the court at this stage in the case.[3] In <u>United States v. Harry</u>, 831 F. Supp. 679, 683 (N.D. Iowa 1994), the court dismissed a count of criminal forfeiture <u>after</u> one defendant had pled guilty, another had been convicted by a jury, and both defendants had improperly consented to forfeiture of another's property.[4] This court, by contrast, is being asked to dismiss counts of criminal forfeiture before guilt on the underlying offenses has been determined. <u>See</u> <u>Dote</u>, 150 F. Supp. 2d at 943.

Moreover, defendants' concerns about the harm to their parents are unwarranted. Under Federal Rule of Criminal Procedure 7(c)(2), "[n]o judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information

---

[3] Third parties may bring ancillary actions to defeat forfeitures if they are bona fide purchasers. Moreover, a count of criminal forfeiture may be dismissed for being <u>legally</u> insufficient. <u>See</u> <u>United States v. Grass</u>, 274 F. Supp. 2d 648, 652-53 (M.D. Pa. 2003) (dismissing a count of criminal forfeiture in the indictment because it failed to allege an essential element of the statute, and therefore was insufficient as a matter of law). Defendants have filed these motions, so this is not an ancillary action. Additionally, defendants have not challenged the legal sufficiency of the counts of criminal forfeiture.

[4] Incidentally, the court in <u>Harry</u> also confronted a situation, unlike here, where the government sought forfeiture of the entire property based upon an interest in only one-quarter of the property. 831 F. Supp. at 688-89.

provides notice that the defendant has an interest in property that is subject to forfeiture in accordance with the applicable statute." The government has only alleged as subject to forfeiture the interest that defendants have in these houses that resulted from criminal activity. (July 16, 1998 Superseding Indictment (Counts 125, 126, and 130).) A party not charged with an offense who has contributed to the purchase of property with her own money maintains her proportionate interest in the property. United States v. Kennedy, 201 F.3d 1324, 1329 (11th Cir. 2000). Therefore, the draconian result that defendants fear--that their parents will lose the entire value of their family homes--will simply not come to pass.

IT IS THEREFORE ORDERED that defendants' motions to dismiss counts 125, 126, and 130 of the indictment and to cancel the related notices of Lis Pendens be, and the same hereby are, DENIED.

DATED: January 26, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7