UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

   Plaintiff,

  v.

HUY CHI LUONG, et al.,

   Defendants.

CASE NO. CR. 96-350 WBS

ORDER RE: DEFENDANT'S MOTION TO DISMISS COUNTS AS MULTIPLICITOUS

----oo0oo----

   Defendant Huy Chi Luong has been charged with nineteen counts of money laundering and one count of conspiracy to commit money laundering.  In the instant motion, defendant argues that counts 64-66, 66-69, and 71-82 are multiplicitous and that certain of these counts should therefore be dismissed.

   On July 16, 1998, a Superseding Indictment was returned charging defendant and multiple co-defendants with approximately 130 counts of money laundering and other offenses.  The counts against defendant are based on transfers of money from one account to another to facilitate the purchase of a residence at

1

1  7825 Skander Way in Sacramento, multiple purchases of vehicles
2  from Gary Kwong, and a payment of $5,000 towards defendant's
3  parents' home at 8853 Dorington Court in Elk Grove.
4          Defendant first contends that Counts 64-66 of the
5  Indictment improperly divide a single offense of money laundering
6  into three violations of 18 U.S.C. § 1956(a)(1)(B), or, in other
7  words, that these counts are multiplicitous.  (Def.'s Mot. to
8  Dismiss Counts as Multiplicitous 4.)  "The test for multiplicity-
9  -charging a single offense in more than one count--is whether
10 each separately violated statutory provision 'requires proof of
11 an additional fact which the other does not.'"  United States v.
12 McKittrick, 142 F.3d 1170, 1176 (9th Cir. 1998) (quoting
13 Blockburger v. United States, 284 U.S. 299, 304 (1932); see also
14 United States v. Vargas-Castillo, 329 F.3d 715, 719 (9th Cir.
15 2003).
16         Counts 64, 65, and 66 involve separate and distinct
17 financial transactions that defendant performed on July 10, 1995.
18 Count 64 charges defendant with purchasing one teller's check at
19 First Public Savings Bank in the amount of $9,000; count 65
20 charges defendant with purchasing another teller's check at the
21 same bank in the amount of $6,000, and count 66 charges defendant
22 with depositing these two teller's checks into his personal
23 checking account at First Interstate Bank.  (July 16, 1998
24 Superseding Indictment.)  These are separate transactions, each
25 requiring proof of at least one fact which the others do not. See
26 United States v. Marshall, 248 F.3d 525, 540 (6th Cir. 2001)
27 (noting that violations of § 1956 are not continuing violations,
28 but must be analyzed individually); United States v. Kramer, 73

F.3d 1067, 1072-73 (11th Cir. 1996) (analyzing multiple money transfers as separate violations of § 1956(a)(2)); United States v. Prince, 214 F.3d 740, 750-54 (6th Cir. 2000) (conducting a similar analysis under § 1956(a)(1)(B)(I)).[1]  Therefore, counts 64-66 properly charge defendant with three separate offenses for three separate money laundering violations.

Defendant similarly argues that the same acts charged in counts 66-67 and 71-76 as violations of 18 U.S.C. § 1956 are improperly charged again in counts 68-69 and 78-82 as violations of 18 U.S.C. § 1957.  (Def.'s Mot. to Dismiss Counts as Multiplicitous 7.)  However, "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Blockburger, 284 U.S. at 304.

Section 1956(a) is a money laundering statute that contains a scienter requirement. United States v. Marbella, 73 F.3d 1508, 1514 (9th Cir. 1996) (noting that one element of § 1956(a)(1) is that a defendant must have "intended the transaction either to promote the illegal activity or to conceal the nature, source, or ownership of the illegal proceeds")

---

[1] Defendant cites United States v. Moloney, 287 F.3d 236, 240 (2d Cir. 2002) as further support for his argument.  In Moloney, the court noted that although the legislative history of § 1956 clearly establishes that each "financial transaction" refers to "each individual use of 'dirty money,' not to the overall scheme," charging a defendant for a scheme of transactions in one count did not raise concerns of duplicity in that circuit.  Thus, Moloney did not contemplate the situation of multiplicity, and the court is unpersuaded that the  reasoning therein logically extends to the situation at hand.

3

(emphasis added).  Section 1957 is also a money laundering statute, but without the scienter requirement in § 1956(a) and with a threshold requirement that a transaction falling under the statute involve more than $10,000.  United States v. Rutgard, 116 F.3d 1270, 1291 (9th Cir. 1997) (noting that the following five elements of § 1956 are distinct from the requirements of § 1957: "its title, its requirement of intent, its broad reference to 'the property involved,' its satisfaction by a transaction that 'in part' accomplishes the design, and its requirement that the intent be to commit another crime or to hide the fruits of a crime already committed") (emphasis added).  Therefore, a violation of either section requires proof of at least one element that the other does not, and under Blockburger, a defendant may be charged or convicted under both statues without raising concerns of multiplicity.  284 U.S. at 304.[2]

///
///
///

---

[2] Defendant correctly notes that § 1956 and § 1957 were enacted as part of the same law against money laundering in 1986.  However, defendant cites authority or legislative history to bolster his argument that Congress did not intend to permit multiple prosecutions under both sections for the same conduct.  In United States v. Nakashian, 820 F.2d 549, 551 (2d Cir. 1987), the court noted that when determining whether multiple punishments are authorized under different statutes, congressional silence should be interpreted to authorize multiple punishments.  Moreover, in legislative history, Congress referred to violations of § 1956 and § 1957 repeatedly as money laundering statutes, but used the disjunctive in referring to them.  See H.R. Rep. 102-28(I), at 3, 5, 6 (1991), available at 1991 WL 42201.  Therefore, congressional intent demonstrates, at the very least, an understanding that violations of § 1956 and § 1957 are separate and distinct.

4

IT IS THEREFORE ORDERED that defendant's motion to dismiss counts 64-66 and either counts 66-67 and 71-76 or counts 68-69 and 77-82 for multiplicity be, and the same hereby is, DENIED.

DATED:  January 31, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE