```
McGREGOR W. SCOTT
United States Attorney
WILLIAM S. WONG
JASON HITT
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:96-CR-00350-WBS |
| ) | |
| Plaintiff, ) | STIPULATION FOR EXPEDITED |
| ) | SETTLEMENT AGREEMENT |
| v. ) | AND ORDER THEREON |
| ) | |
| HUY CHI LUONG, ) | |
|    aka "Jimmy Luong", ) | |
|    aka "Chi Fei", et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| WORLD SAVINGS BANK, FSB, ) | |
| ) | |
| Petitioner. ) | |

IT IS HEREBY STIPULATED by and between plaintiff United States of America and petitioner World Savings Bank, FSB to compromise and settle its interest in the following property (hereafter, the "Property"):

> Real property located in Sacramento County at 8853 Dorington Court, Elk Grove, California, Assessor's Parcel Number 116-0820-009-00 and more fully described in Exhibit A attached hereto.

This stipulated settlement is entered into between the parties pursuant to the following terms:

1. The parties to this Agreement hereby stipulate that World Savings Bank, FSB had a prior vested or superior interest in the Property or was a bona fide purchaser for value of the right, title, or interest in the Property.

2. The United States agrees that upon entry of a Final Order of Forfeiture forfeiting the Property to the United States and sale of the Property pursuant to the Final Order of Forfeiture, the United States will not contest payment to World Savings Bank, FSB from the proceeds of sale, after payment of outstanding taxes and expenses incurred by the U.S. Department of Treasury in connection with its custody and sale of the Property, of the following:

    a. All unpaid principal due to the Petitioner under the Deed of Trust recorded in Sacramento County, California, in Book 95-05-26, Page 97, and dated May 15, 1995 and recorded on May 26, 1995. Said Deed of Trust secured a promissory note in the original amount of $125,000.00 dated May 15, 1995. As of January 17, 2007, the principal balance due and owing on the Note was $93,585.70, together with accrued interest, including, but not limited to, insurance premiums and property taxes, if any, advanced under the terms of the Deed of Trust.

    b. All unpaid interest at the contractual base rate (not the default rate) under the above Deed of Trust, as of January 17, 2007 interest is 6.827% per annum, until the date of payment.

    c. Reasonable attorney's fees not to exceed $2,000.00.

        d.    A total fee of not more than $200 to process a beneficiary demand statement and to record a reconveyance of the deed of trust.

        e.    The exact amount to be paid to World Savings Bank, FSB shall be determined at the time of payment, but shall not be less than the amounts set forth above.

3.    The payment to Petitioner World Savings Bank, FSB shall be in full settlement and satisfaction of all claims by World Savings Bank, FSB to the Property indicted by the United States on or about August 2, 1996 and of all claims arising from and relating to the seizure, detention, and forfeiture of the Property.  The payment to World Savings Bank, FSB shall not include any penalty payments, including any prepayment penalties.

4.    Upon payment, World Savings Bank, FSB agrees to assign and convey its security interest to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by World Savings Bank, FSB and its agents that currently exist or that may arise as a result of the Government's actions against and relating to the Property.  As against the United States and its agents, Petitioner World Savings Bank, FSB agrees to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

5.  Petitioner World Savings Bank, FSB agrees not to pursue against the United States any other rights that it may have under the mortgage instrument, including but not limited to the right to foreclose upon and sell the Property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the property, and any right to assess additional interest or penalties except as specifically allowed herein.

6.  Petitioner understands and agrees that by entering into this expedited settlement of its interest in the Property, it waives any rights to litigate further its interest in the Property and to petition for remission or mitigation of the forfeiture.  Thereafter, if this Agreement is approved by the Court, then unless specifically directed by an order of the Court, World Savings Bank, FSB shall be excused and relieved from further participation in this action.

7.  Petitioner understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lien holder is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Property.  In either event, the Government shall promptly notify the mortgagee or lien holder of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees.

8.  The parties agree to execute further documents, to the extent necessary, to convey clear title to the Property to the

4

United States and to implement further the terms of this settlement. Each party agrees to bear its own costs and attorneys' fees, except as otherwise set forth herein.

9. Payment to the Petitioner pursuant to this settlement agreement is contingent upon a forfeiture of the Property to the United States, the United States' prevailing against any third parties alleging claims in an ancillary proceeding, and the Court's entry of a Final Order of Forfeiture. Further, the terms of this settlement agreement shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

10. Counsel for World Savings Bank, FSB represents that she has authority to enter into this stipulation on behalf of her principal.

DATED: February 27, 2007   McGREGOR W. SCOTT
United States Attorney

/s/ William S. Wong
WILLIAM S. WONG
Assistant U.S. Attorney

DATED: 2-26-07   /s/ Sharon C. Dutton
SHARON C. DUTTON
Attorney for World Savings Bank, FSB
(Original signature retained by attorney)

**ORDER**

The Court having received, read, and considered the foregoing stipulation of the parties, and good cause appearing therefrom, the

///
///

5

1  Stipulated Expedited Settlement is hereby APPROVED.  It is so
2  ORDERED.
3  DATED:  February 28, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

EXHIBIT A
(8853 Dorington Court, Elk Grove, CA)

Property Description

All that certain real property in the County of Sacramento, State of California, described as follows:

Lot 9, as shown on the Plat of "Camdon Passage East", according to the Official Plat thereof, filed in the Office of the Recorder of Sacramento County, in Book 210 of Maps, Map No. 7.

EXCEPTING THEREFROM all oil, gas asphaltum, minerals and other hydrocarbon substances in or on said land below a depth of 500 feet from the surface of said land.  Together with the right to produce, develop, explore and extract said substances, but without the right of entry on the surface of said land or within 500 feet from the surface of said land.

APN: 116-0820-009-00