UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUY CHI LUONG,<br><br>　　　　　Defendant. | No. 2:96-cr-00350-09 WBS<br><br><br>ORDER |

----oo0oo----

Defendant Huy Chi Luong has filed a "Motion for Relief From Judgment Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) and Section 603(B) of the First Step Act." (Docket No. 1048.) Defendant seeks a reduction of his sentence to time served,[1] based on his purported rehabilitation, disparity in sentencing, sentence length, amount of time already served, and his age at the time of

---

[1] Defendant also requests that his term of supervised release be reduced from three years to one year, though he does not explain why such relief is appropriate. (Docket No. 1048 at 30.)

1

the offense.[2]

The court recognizes that pursuant to the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022), it must consider all of defendant's nonfrivolous reasons for a reduction. United States v. Carter, 44 F.4th 1227 (9th Cir. 2022) (noting that Concepcion abrogated United States v. Kelley, 962 F.3d 470, 475 (9th Cir. 2020), which had held that the First Step Act did not authorize a district court to consider post-conviction legal changes outside of Sections 2 and 3 of the Fair Sentencing Act). Accordingly, the court considers all of the arguments raised by defendant in the instant motion.

The court agrees that the bases for relief identified by defendant are potentially relevant factors in determining whether a reduction of his sentence is warranted under Concepcion. However, in the court's view, defendant's relatively good conduct during incarceration, partial completion of a lengthy sentence, and age at the time of the offense, which was taken in account at the time of sentencing, do not warrant a reduction in his sentence. "Section § 3582(c)(1) was not enacted to provide courts with a mechanism to second-guess sentencing decisions made long ago." See United States v. Logan, 532 F. Supp. 3d 725, 731 (D. Minn. 2021).

Moreover, as the court explained on resentencing in 2013, a total term of imprisonment of 360 months, well above the

---

[2] Defendant also states in the beginning of his motion that a reduction of sentence is appropriate due to a "change in law", but he does not identify any change in the law that would potentially warrant relief in either the motion or his reply.

Guidelines range, was necessary to reflect the seriousness of defendant's money laundering offenses, to protect the public, to prevent unwarranted sentencing disparities among the defendants in this case, and to reflect the heinous nature of the underlying robberies in this case.[3] (Docket No. 1056-1 at ER 63-67.) In the court's view, these factors continue to weigh against granting a sentence reduction, notwithstanding defendant's arguments to the contrary.

Under all of the relevant factors, the court finds that defendant has not met his burden of showing that a sentencing reduction is appropriate.[4]

IT IS THEREFORE ORDERED that Defendant Huy Chi Luong's "Motion for Relief From Judgment Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) and Section 603(B) of the First Step Act" (Docket No. 1048), be, and the same hereby is, DENIED.

Dated: February 13, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] This sentence was affirmed by the Ninth Circuit in 2016. United States v. Luong, 642 F. App'x 694 (9th Cir. 2016).

[4] The court also finds that defendant has not met his burden of showing that his term of supervised release should be reduced from three years to one year, and therefore denies this additional request.

3