UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

Plaintiff,

v.

HUY CHI LUONG,

Defendant.

No. 2:96-cr-00350-09 WBS AC

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

----oo0oo----

Defendant is serving a 360-month sentence for various money laundering offenses connected to his leadership of a criminal organization that committed several armed robberies. (J. at 2-3 (Docket No. 843); Sent. Tr. at 14-19 (Docket No. 853).) He now requests compassionate release. (Mot. (Docket No. 1069); Suppl. Br. (Docket No. 1090).)

A prisoner's eligibility for compassionate release or a sentencing reduction "depends on whether he can offer 'extraordinary and compelling' reasons." Rutherford v. United

States, 608 U.S. 454, 470 (2026) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Once he establishes such reasons, the court must consider the 18 U.S.C. § 3553(a) factors to determine how much of a reduction may be justified. Id. Ultimately, any reduction or release must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. at 460 (quoting 18 U.S.C. § 3582(c)(1)(A)(ii)). A court must also find that the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2).

Extraordinary and compelling reasons are "those that are especially unusual and convincing." Id. at 465. The Sentencing Commission has identified five specific categories: "Medical Circumstances of the Defendant," "Age of the Defendant," "Family Circumstances of the Defendant," "Victim of Abuse," and "Unusually Long Sentence." U.S.S.G. § 1B1.13(b)(1)-(4), (6); see also Fernandez v. United States, 608 U.S. 411, 425 (2026) (explaining that compassionate release is about "granting mercy" because of the prisoner's "advanced age, safety risk, illness, rehabilitation, and the like," not "righting legal wrongs"). The Commission has also created a catchall category, "Other Reasons." U.S.S.G. § 1B1.13(b)(5). Such reasons must be "similar in gravity," alone or in combination, with the first four categories. See id.

Defendant argues that several circumstances justify his release: sentencing disparities with his codefendants; his sentence's "unusual" length; his deteriorating health; his Immigration and Customs Enforcement detainer; and his rehabilitation. (Suppl. Br. at 15.) None of these

circumstances, alone or in combination, are "extraordinary and compelling."

I. Sentencing Disparities Between Defendant and Codefendants

Defendant's argument regarding disparities between his sentence and his codefendants' sentences fails. A sentencing disparity is not "similar in gravity" to the circumstances described in § 1B1.13(b)(1) through (4). United States v. Bryant, 144 F.4th 1119, 1129 (9th Cir. 2025), cert. denied, 146 S. Ct. 2600 (2026). And although the disparities defendant identifies emerged after his sentencing, they "say[] nothing about how [defendant's] situation has changed since his sentencing."[1] Id. Compassionate release, moreover, is not a means to "second-guess a sentencing determination years later." Id. at 1128. To do so would be to "endorse[] 'an endless repetition of inquiry' into sentences that have already been through the wringer of judicial review." Id. (quoting McCleskey v. Zant, 499 U.S. 467, 492 (1991)).

II. Defendant's Sentence Length

Defendant's argument about the "unusual" length of his sentence also fails. The Guidelines limit consideration of a sentence's length to "a change in the law (other than an amendment to the Guidelines Manual that has not been made

[1] In any event, several of the disparities defendant identifies stem from "the government's strategic choices and/or inaction," which produced "a windfall" for his codefendants. (Suppl. Br. Ex. J at 3 (Docket No. 1090-8).) Other disparities arose from intervening changes in how courts interpret the Armed Career Criminal Act. See United States v. Lattanaphom, 159 F. Supp. 3d 1157, 1159 (E.D. Cal. 2016). Neither is a reason to reduce defendant's sentence. See Bryant, 144 F.4th at 1129; U.S.S.G. § 1B1.13(c).

retroactive)" that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6).[2] Defendant argues that recent sentences imposed under the Guidelines for his offense level and criminal history category are more lenient than his. (Suppl. Br. at 24-25.) That argument has two problems.

First, defendant's argument injects a § 3553(a) factor into the "extraordinary and compelling reasons" analysis: "The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). To consider this factor at the "extraordinary and compelling" step would be to ignore the "independent and ascertainable limits" that step imposes on the compassionate release inquiry. Rutherford, 608 U.S. at 470-72. Moreover, just like disparities with codefendants' sentences, disparities with similarly situated defendants in other cases "say[] nothing about how [defendant's] situation has changed since his sentencing." Bryant, 144 F.4th at 1129.

Second, to the extent the recent sentences defendant cites are shorter because of nonretroactive guidelines

---

[2] The Supreme Court has seriously called into question the "Unusually Long Sentence" category's validity. Rutherford, 608 U.S. at 473; Fernandez, 608 U.S. at 426 n.5 ("[The 'Unusually Long Sentence'] amendment, while not relevant here, exceeds the Commission's authority." (citing Rutherford)). But see Rutherford, 608 U.S. at 467 n.6 (leaving open whether compassionate release is available for other "unusually long sentence" arguments).

amendments, it would be improper for the court to consider them at the "extraordinary and compelling" step. U.S.S.G. § 1B1.13(b)(6), (c). In other words, defendant cannot launder nonretroactive amendments through national sentencing data.

Defendant also argues that part of his sentence was "imposed for conduct already punished." (Suppl. Br. at 23.) Defendant notes that the government stipulated to dismissal of the Central District prosecution for the Centon and Zenon robberies because it anticipated that those robberies would be factored into his Northern District sentence. (Id.) This court then considered the Zenon and Centon robberies in imposing defendant's sentence. (Id.)

Defendant's argument is a challenge to the original sentence this court imposed. Such arguments are not grounds for compassionate release; their home is in habeas petitions. Cf. Fernandez, 608 U.S. at 420 (holding defendants may not use the compassionate release statute to evade "the rigorous habeas framework").[3] Accordingly, defendant's arguments pertaining to his sentence's length fail.

III. Defendant's Medical Circumstances

Defendant's medical circumstances are not serious

---

[3] In any event, this court was well aware that the Zenon and Centon robberies "may have been in the Presentence Report that Judge Patel read" and "may even have been part of the relevant conduct that was used in calculating the sentencing guidelines." (Sent. Tr. at 19 (Docket No. 853).) It noted, however, that defendant's sentence was meant to punish "the money laundering from Zenon and Centon" and found it appropriate to consider the robberies as the circumstances underlying the money laundering offenses. (Id. at 17, 19.) Defendant's argument would therefore fail on the merits as well.

enough to warrant compassionate release. Defendant is 57 years old and has been diagnosed with hypertensive heart disease -- that is, high blood pressure -- a condition afflicting many men of his age.[4] (Suppl. Br. at 25-26.) A non-terminal "serious physical or medical condition" is an extraordinary and compelling reason if it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). So is a condition requiring "long-term or specialized medical care" if that care "is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). Defendant does not contend that his condition reduces his ability to care for himself in prison. Nor does he argue that his current care -- daily medication and periodic monitoring -- is inadequate. (Suppl. Br. at 26.) His health therefore does not warrant release.

IV. Defendant's Immigration Status

Defendant argues that, upon release, he will be transferred to immigration custody and likely removed to Vietnam, where he has "no family, housing, or support network." (Id.) It is unclear how defendant's potential removal supports release. The hardship defendant describes would result from his release, not his continued imprisonment, and it awaits him whether he is

[4] Relatedly, defendant argues that his "harsh pandemic experience" while incarcerated justifies release. (Mot. at 25-26.) Even assuming that the conditions were as bad as defendant claims, however, these past conditions do not justify defendant's release now. See U.S.S.G. 1B1.13(b)(1)(D) (requiring an "ongoing outbreak of infectious disease" (emphasis added)).

released now or at the end of his sentence.

V. Defendant's Rehabilitation

Rehabilitation "alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). It may be considered only "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Defendant's rehabilitation efforts are commendable. (See Mot. at 24-25; Suppl. Br. at 25 (noting educational achievements and relatively clean disciplinary record).) Nonetheless, his rehabilitation does not make up for the shortcomings of the other circumstances he identifies.

VI. Defendant's Gestalt "Other Reasons" Theory

Finally, defendant contends that even if none of his circumstances qualifies on its own, together they are "similar in gravity" to the enumerated reasons. (Suppl. Br. at 15.) The catchall does reach a "combination of circumstances." See U.S.S.G. § 1B1.13(b)(5). But defendant's combination fails. Several of its components, namely his disparity arguments, cannot count toward eligibility at all. And for the reasons stated above, his other grounds are factually insufficient whether considered separately or together. Accordingly, he has not identified an "extraordinary and compelling reason" for release. See Rutherford, 608 U.S. at 472 (2026) ("Adding a legally impermissible ground to three insufficient factual considerations does not entitle a defendant to a sentence reduction." (quoting United States v. Jarvis, 999 F.3d 442, 444 (2021))).

No arguments in connection with this motion have

addressed the question of whether this defendant presently poses a danger to any other person or the community, with the exception of a short paragraph near the end of defendant's brief stating:

> The Bureau of Prisons classifies Mr. Luong at R-MIN, minimum recidivism risk. His Criminal History Category is I. He is fifty-seven years old. In nearly twenty-six years, he has had three disciplinary incidents, none violent, none in more than four years. The most recent, a cell phone infraction in July 2021, did not affect his classification; BOP maintained R-MIN afterward. An ICE detainer has been lodged since 2008; upon release, he will transfer to ICE custody, not the community. BOP houses him at a low-security FCI, reflecting its assessment of his risk level.

(Suppl. Br. at 31.) This is not enough to persuade the court one way or the other on the question of whether defendant's release at this time would constitute a danger to others.

IT IS THEREFORE ORDERED that defendant Huy Chi Luong's motion for compassionate release (Docket No. 1069) be, and the same hereby is, DENIED.

Dated: November 9, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE